ERVIN, Judge.
Appellant, Southland Insurance Company (Southland), seeks review of the trial court’s denial of its motion to stay liquidation and/or motion for extension of time, filed in response to a petition for an order of liquidation made by the receiver, Department of Insurance (Department), pursuant to Section 631.101(2), Florida Statutes (1987). We reverse and remand.
Delinquency proceedings under Chapter 631 were commenced by the Department on March 23, 1987. An order was entered on July 23, 1987, appointing the Department as receiver for Southland for the purpose of rehabilitation. In November 1987, the Department petitioned the court for the entry of an order of liquidation, contending that further efforts to rehabilitate South-land would be useless. Southland subsequently moved for a stay of the liquidation order, or, in the alternative, for a 90-day extension of time, alleging as a ground therefor that the Department had failed to comply with the affirmative duties imposed upon it by Chapter 631, specifically section 631.141.[1] The trial court denied South-land’s motions. Under the circumstances presented, the trial court’s action constituted an abuse of discretion.
When a contention is made, in response to the Department’s petition to liquidate, that the Department has failed to comply with its statutory obligations regarding the rehabilitation process, we consider that a fair construction of Chapter 631 requires the Department to present some evidence disclosing what efforts it deemed necessary to rehabilitate the insurer or why it considered that any further efforts would be useless. We do not believe that the Department should be able to enter into a stipulation of insolvency with the insurer for the purpose of rehabilitation, and then use that stipulation to convert the rehabilitation proceeding into a liquidation proceeding without presenting any evidence of its compliance with the chapter during the rehabilitation process. Because the record is totally devoid of evidence disclosing that the Department attempted to rehabilitate or of evidence supporting its conclusion that further efforts to rehabilitate would be useless, we
REVERSE and REMAND the case to the trial court so that it may conduct an eviden-tiary hearing for the purpose of determining whether the Department sufficiently performed its duties pursuant to Chapter 631.[2]
WENTWORTH and ZEHMER, JJ., concur.

. Among other things, the Department is authorized to conduct the business of the insurer, or to take such steps as are authorized to rehabilitate or conserve the assets of the insurer, section 631.141(5), and to take such steps as it deems necessary "to reform and revitalize the insurer.” Section 631.141(7).

. The order appointing the Department the receiver of appellant was entered pursuant to Section 631.101(1), Florida Statutes (1987), requiring it, in conducting the business of the insurer, "to take such steps toward removal of the causes and conditions which have made rehabilitation necessary_”